Magomedov v. Barr

BIA
Wright, IJ
A089 327 573

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

ALIHAN ZAURBEKOVICH MAGOMEDOV,
> *Petitioner,*

v.                                          17-2171
                                            NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Alexander J. Segal, The Law
                         Offices of Grinberg & Segal,
                         P.L.L.C., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Leslie McKay,
                         Senior Litigation Counsel; Margot
                         L. Carter, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Alihan Zaurbekovich Magomedov, a native and citizen of Kyrgyzstan, seeks review of a June 21, 2017, decision of the BIA affirming a December 14, 2016, decision of an Immigration Judge ("IJ") denying Magomedov's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Alihan Zaurbekovich Magomedov,* No. A 089 327 573 (B.I.A. June 21, 2017), *aff'g* No. A 089 327 573 (Immig. Ct. N.Y. City Dec. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the reasons given by the BIA, and "we may consider only those issues that formed the basis for that decision." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Magomedov did not file a brief to the BIA or otherwise raise any arguments or allege any specific errors in the IJ's decision. Accordingly, he failed to exhaust his claims for withholding of removal and CAT protection. A petitioner must raise to the BIA the specific

2

issues he raises in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). This exhaustion requirement is mandatory. *Lin Zhong*, 480 F.3d at 107 n.1. Magomedov's general allegation in his notice of appeal that he met his burden of proof does not satisfy the exhaustion requirement. *See Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008) ("[I]n order to preserve an issue for review by this Court, the petitioner must not only raise it before the BIA, but do so with specificity."); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) ("failure to make any argument to the BIA in support of . . . withholding-of-removal claim or to identify, even by implication, any error in the IJ's ruling . . . bars our consideration of that claim"); *cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument").

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3